UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL K. LUNA,

        Plaintiff,

v.

JACK ZOUHARY, ET AL.,

        Defendants.
_____/

Case Number: 3:18-cv-01932
HON. GEORGE CARAM STEEH
(sitting by designation)

## OPINION AND ORDER DENYING PLAINTIFF'S REQUEST FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE AND GRANTING DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on Plaintiff Michael K. Luna's *pro se* civil rights complaint filed under 42 U.S.C. §§ 1983 and 1985, which was removed from the Huron County Court of Common Pleas on August 22, 2018. (Dkt. 1) Also before the Court are Defendants' Motion to Dismiss (Dkt. 13), Plaintiff's Motion for Dismissal Pursuant to Fed. R. Civil P. 41 (Dkt. 8), and Plaintiff's Motion in Opposition to Motion to Dismiss (Dkt. 12). For the reasons explained below, Plaintiff's motions will be denied and the complaint will be dismissed for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915A(b)(1).

**I.   Background**

On July 17, 2018, Plaintiff filed his complaint in the Court of Common Pleas of Huron County, Ohio. He names six defendants: United States District Judge Jack Zouhary (Northern District of Ohio); Chief Judge of the Ohio Supreme Court Maureen O'Connor; retired Judge Thomas J. Pokorny; Huron County Court of Common Pleas Judge James W. Conway; Huron County Sheriff Todd Corbin; and Deputy Sheriff Randy Chase. Plaintiff alleges that the Defendants conspired to remove his previous state court civil action against Judge Conway, Sheriff Corbin, Deputy Sheriff Chase and others, to federal court so that the complaint could be dismissed by Judge Zouhary for failure to state a claim.[1] He seeks $1,000,000 in compensatory damages, $2,000,000 in punitive damages, and $3,000,000 in prospective damages.

On August 16, 2018, Defendants Pokorny, Conway, Corbin, and Chase filed a motion to dismiss. Defendant Judge Jack Zouhary removed the case to federal court on August 22, 2018 pursuant to 28 U.S.C. §§

---

[1] *See Luna v. Conway, et al.,* No. 3:17-2212.

1441 and 1442(a)(1).[2]

## II. Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). The notice pleading standard requires more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (*quoting Twombly*, 550 U.S. at 557).

---

[2] This case was originally assigned to the Honorable James G. Carr. Judge Carr recused himself because another District Judge of the Northern District of Ohio, Judge Zouhary, is a named defendant and ordered the case assigned to a District Judge from a different District. (Dkt. 5) The case was assigned to the undersigned District Judge on September 24, 2018.

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The Court screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A. If a prisoner's complaint seeks relief from a governmental entity, officer, or employee, Congress has directed that the district court must dismiss it, or any part thereof, which (a) is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (b) seeks monetary relief from a defendant who is immune from suit for monetary damages. 28 U.S.C. § 1915A; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007).

### III. Discussion

#### A. Plaintiff's Notice of Dismissal

On September 4, 2018, Plaintiff filed a notice of dismissal as to all defendants pursuant to Federal Rule of Civil Procedure 41. (Dkt. 8) He

sought dismissal because he was moving to a new address. The Court entered a show cause Order announcing its intention to dismiss the case with prejudice absent objections submitted before October 10, 2018. (Dkt. 9) Plaintiff objects to a dismissal of the complaint *with* prejudice and asks to withdraw the notice of dismissal. (Dkt. 11) Defendants Zouhary, Pokorny, Conway, Corbin, and Chase have no objection to the dismissal of the case with prejudice. (Dkt. 10, 13) Defendant O'Connor did not file a response.

Federal Rule of Civil Procedure 41(a) governs voluntary dismissal of actions by a plaintiff. A plaintiff may dismiss an action without leave of the adverse party or the court at any time before service by the adverse party of an answer or of a motion for summary judgment. Fed. R. Civ. P. 41(a)(1). A motion to dismiss the complaint was filed before Plaintiff filed a notice of dismissal. Therefore, Plaintiff must proceed under Federal Rule of Civil Procedure 41(a)(2), which provides that, once an answer or motion for summary disposition has been filed, a matter may be voluntarily dismissed "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Whether to grant a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) is a matter within

the district court's discretion.  *Grover v. Eli Lilly and Company*, 33 F.3d 716, 718 (6th Cir. 1994).

A court "may decline to permit a voluntary dismissal when required to avoid short-circuiting the judicial process." *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997).  The Court has undertaken review and screening of the complaint pursuant to the screening provisions of 28 U.S.C. § 1915A.  As discussed below, the complaint fails to state a claim upon which relief may be granted.  Plaintiff's request for voluntary dismissal is clearly an attempt to avoid a dismissal under § 1915A.  The Court will not allow Plaintiff to circumvent § 1915A's screening provision by voluntarily dismissing the petition.  Plaintiff's notice of voluntary dismissal will be denied.

**B.    Judicial Immunity**

Plaintiff names one federal judge, Judge Zouhary, and three state court judges, Justice O'Connor and Judges Pokorny and Conway, as defendants.  Plaintiff argues that Justice O'Connor and Judge Conway engineered Judge Pokorny's assignment to Plaintiff's civil complaint filed in the Huron County Court of Common Pleas because they knew Judge Pokorny would transfer the case to federal court.  He alleges that the state

court Judges also knew that Judge Zouhary would dismiss the case and conspired to achieve that result.

Judges are absolutely immune from civil rights suits for money damages when acting in a judicial capacity unless they act in the clear absence of all jurisdiction. See *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Whether an action is "judicial" depends on the "'nature of the act itself, i.e., whether it is a function normally performed by a judge,'" and "'the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Id.* at 13, quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). A judge's acts do not become non-judicial simply because they are erroneous or "in excess of his authority"; if that were the case, then "any mistake of a judge in excess of his authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." *Id*. at 12.

The conduct challenged by Plaintiff in this case arises from the adjudication of Plaintiff's state and federal cases and concerns actions normally performed by a judge. An allegation of conspiracy is insufficient to defeat judicial immunity. See *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) ("[A]llegations that a conspiracy produced a certain decision

should no more pierce the actor's immunity than allegations of bad faith, personal interest or outright malevolence."); *Dorman v. Higgins*, 821 F.2d 133, 139 (2d Cir. 1987) (same). Therefore, these defendants are immune from suit under § 1983.

Even if a conspiracy allegation could defeat judicial immunity, Plaintiff's allegations are so conclusory and vague they are insufficient to state a conspiracy claim.

### C. Defendants Corbin and Chase

Plaintiff alleges that Sheriff Corbin and Deputy Sheriff Chase conspired with the judicial defendants to violate Plaintiff's constitutional rights.

A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012), quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). A plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one). Plaintiff fails to

support his conclusory claim with facts to indicate any conspiracy existed. Instead, he merely asserts a bare allegation of conspiracy. *See Pahssen v. Merrill Community School District*, 668 F.3d 356, 368 (6th Cir. 2012) ("[C]onspiracy claims must be pled with some degree of specificity and ... vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.") (quotation omitted). Plaintiff fails to state a claim upon which relief may be granted against defendants Corbin and Chase.

## IV. Conclusion

Plaintiff fails to state a claim upon which relief may be granted. Defendants' Motion to Dismiss is GRANTED and the complaint is DISMISSED WITH PREJUDICE.

In addition, Plaintiff's Request for Voluntary Dismissal is DENIED and Plaintiff's Motion in Opposition to Motion to Dismiss is DENIED AS MOOT.

SO ORDERED.

          s/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

Dated: October 25, 2018